David AYALA, Petitioner–Appellant,

v.

Don DEWITT, Warden, Respondent–Appellee.

No. 00–4393.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

---

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

David Ayala, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a jury trial, Ayala was convicted on December 22, 1994, on two counts of aggravated robbery with a firearm specification, four counts of kidnapping with firearm specifications, two counts of robbery with specifications and complicity to aggravated murder. Ayala's convictions were affirmed by the Ohio Court of Appeals on October 31, 1995, and the Ohio Supreme Court dismissed Ayala's subsequent appeal on June 12, 1996. Ayala filed an application for reopening of his appeal pursuant to Ohio Appellate Rule 26(B), which was denied on the merits by the Ohio appellate court on June 11, 1996. Ayala also filed a petition for post conviction relief which was denied by the trial court as untimely on September 9, 1997. The appellate court affirmed the judgment of the trial court on November 10, 1998. The Ohio Supreme Court dismissed Ayala's subsequent appeal on March 17, 1999.

Ayala initially filed a petition for a writ of habeas corpus pursuant to § 2254 on March 25, 1997, which was dismissed by the district court on May 22, 1997, pursuant to Ayala's request. On June 23, 1999, Ayala filed the instant habeas petition, claiming that: 1) he was denied the effective assistance of counsel; 2) the evidence at trial was insufficient to sustain a conviction of complicity to commit aggravated murder; 3) the trial court erred in admitting an identification which was obtained

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

through impermissibly suggestive techniques; 4) the trial court erred in denying a mistrial based on prosecutor misconduct; 5) statements by the prosecutor during closing argument which invited the jury to draw inferences from matters ordered excluded from evidence constituted a denial of due process of law; and 6) the trial court imposed an unlawful sentence on the firearm specification. The district court dismissed the petition for failure to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The district court granted a certificate of appealability on the following issue: Did the statute of limitations expire prior to the filing of the instant petition?

Upon de novo review, *see Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001), we conclude that the district court properly dismissed Ayala's habeas petition as untimely. Ayala's conviction became final on September 10, 1996, when the time expired to seek direct review by writ of certiorari to the United States Supreme Court. *See Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir.2000). Absent a tolling event, the one-year limitations period for filing a petition for a writ of habeas corpus began to run on September 10, 1996. *See* 28 U.S.C. § 2244(d)(1). The state trial court dismissed Ayala's post-conviction petition as untimely under Ohio Rev.Code §§ 2953.21 and 2953.23. Because Ayala's post-conviction petition was untimely, it was not "properly filed" under state law, and did not serve to toll the running of the statute of limitations under § 2244(d)(2). *See Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 363–64, 148 L.Ed.2d 213 (2000); *Hoggro v. Boone,* 150 F.3d 1223, 1226 n. 4 (10th Cir.1998). The statute of limitations therefore would have expired on September 10, 1997, prior to the filing of the instant petition, unless some additional tolling of the statute is allowed.

Even if we assume that the statute of limitations was tolled during the time period during which Ayala's first federal habeas petition was pending, from March 25, 1997 to May 22, 1997 (a period of 58 days), the statute of limitations still would have expired in 1997, long before the filing of the instant petition on June 23, 1999.

Finally, Ayala has not shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief. The standard to be applied to determine whether equitable tolling of a limitations period is appropriate is this court's five part test set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988). *See Dunlap v. United States,* 250 F.3d 1001, 1009 (6th Cir.2001). The court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008 (citing *Andrews,* 851 F.2d at 150). Considering these, we conclude that Ayala has failed to meet his burden of proof.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.