## ARTUZ, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY *v.* BENNETT

No. 99–1238.  Argued October 10, 2000—Decided November 7, 2000

SCALIA, J., delivered the opinion for a unanimous Court.

*John M. Castellano* argued the cause for petitioner. With him on the briefs were *Richard A. Brown* and *Gary S. Fidel.*

*Dan Schweitzer* argued the cause for the State of Florida et al. as *amici curiae* urging reversal. With him on the brief were *Robert A. Butterworth,* Attorney General of Florida, *Carolyn M. Snurkowski,* Assistant Deputy Attorney General, *Denise O. Simpson,* Assistant Attorney General, and *John M. Bailey,* Chief State's Attorney of Connecticut, joined by the Attorneys General for their respective States as follows: *Bruce M. Botelho* of Alaska, *Mark Pryor* of Arkansas, *Ken Salazar* of Colorado, *M. Jane Brady* of Delaware, *Thurbert E. Baker* of Georgia, *James E. Ryan* of Illinois, *Richard P. Ieyoub* of Louisiana, *Michael C. Moore* of Mississippi, *Joseph P. Mazurek* of Montana, *Don Stenberg* of Nebraska, *Frankie Sue Del Papa* of Nevada, *Heidi Heitkamp* of North Dakota, *Betty Montgomery* of Ohio, *W. A. Drew Edmondson* of Oklahoma, *Hardy Myers* of Oregon, *Charles M. Condon* of South Carolina, *Mark Barnett* of South Dakota, *Jan Graham* of Utah, and *Mark L. Earley* of Virginia.

*Alan S. Futerfas* argued the cause for respondent. With him on the brief were *John H. Blume* and *Keir M. Weyble.*

JUSTICE SCALIA delivered the opinion of the Court.

Section 2244(d)(2) of Title 28 U. S. C. (1994 ed., Supp. IV) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." This case presents the question whether an application for state postconviction relief containing claims that are procedurally barred is "properly filed" within the meaning of this provision.

I

After a 1984 jury trial in the Supreme Court of New York, Queens County, respondent was convicted of attempted mur-

der, criminal possession of a weapon, reckless endangerment, criminal possession of stolen property, and unauthorized use of a motor vehicle. The Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal. After unsuccessfully pursuing state postconviction relief in 1991, respondent in 1995 moved *pro se* to vacate his judgment of conviction. On November 30, 1995, the state trial court denied the motion in an oral decision on the record; no reasons were given. Respondent claims never to have received a copy of a written order reflecting the denial, despite several written requests.

In February 1998, respondent filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York, alleging, *inter alia*, that the state trial court's refusal to allow a defense witness to testify deprived him of his right to a fair trial and his right to present witnesses in his own defense, that his absence from a pretrial hearing violated due process, and that his trial counsel was constitutionally ineffective in failing to object to allegedly improper remarks made by the prosecutor in summation. The District Court summarily dismissed the petition as untimely, noting that it had been filed more than one year and nine months after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214.

The United States Court of Appeals for the Second Circuit reversed and remanded. 199 F. 3d 116 (1999). The panel first concluded that 28 U. S. C. § 2244(d)(2) (1994 ed., Supp. IV), which tolls AEDPA's 1-year period of limitation on habeas corpus applications by state prisoners, should also toll the 1-year grace period (commencing on AEDPA's effective date of April 24, 1996), which the Second Circuit has allowed for the filing of habeas corpus applications challenging pre-AEDPA convictions. See *Ross* v. *Artuz*, 150 F. 3d 97, 98 (CA2 1998). The panel assumed, for purposes of the appeal,

that respondent had not yet received a written order denying his 1995 motion to vacate the conviction. Since respondent could not appeal the denial absent such written order; and since, in the panel's view, "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures," 199 F. 3d, at 120; the panel concluded that respondent's 1995 motion was still "pending" for purposes of § 2244(d)(2). Finally (and this is the sole point on which we granted certiorari), the panel held that respondent's 1995 motion was "properly filed" within the meaning of § 2244(d)(2) because it complied with those rules "governing" whether "an application for state post-conviction relief [is] recognized as such" under state law. *Id.*, at 123. It rejected petitioner's contention that the application was not properly filed because the claims it contained were subject to two procedural bars under New York law: a bar against raising an issue that had been "previously determined on the merits upon an appeal from the judgment," N. Y. Crim. Proc. Law § 440.10(2)(a) (McKinney 1994), and a bar against raising a claim that was available on direct appeal but was not raised because of the defendant's "unjustifiable failure," § 440.10(2)(c).[1] 199 F. 3d, at 123. We granted certiorari. 529 U. S. 1065 (2000).

---

[1] The cited provisions read in full as follows:

"Notwithstanding the provisions of subdivision one [which sets forth various grounds upon which a court may vacate its earlier judgment], the court must deny a motion to vacate a judgment when:

"(a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue; or

.        .        .        .        .

"(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no

## II

Petitioner contends here, as he did below, that an application for state postconviction or other collateral review is not "properly filed" for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application. We disagree.

An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. See, e. g., *United States* v. *Lombardo*, 241 U. S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Black's Law Dictionary 642 (7th ed. 1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record"). And an application is *"properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery,[2] the court and office in which it must be lodged, and the requisite filing fee. See, e. g., *Habteselassie* v. *Novak*, 209 F. 3d 1208, 1210–1211 (CA10 2000); 199 F. 3d, at 121 (case below); *Villegas* v. *Johnson*, 184 F. 3d 467, 469–470 (CA5 1999); *Lovasz* v. *Vaughn*, 134 F. 3d 146, 148 (CA3 1998). In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, cf. *Martin* v. *District of Columbia Court of*

---

such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him; . . . ." N. Y. Crim. Proc. Law §§ 440.10(2)(a) and (c) (McKinney 1994).

[2] We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. See, e. g., *Smith* v. *Ward*, 209 F. 3d 383, 385 (CA5 2000).

*Appeals,* 506 U. S. 1 (1992) *(per curiam),* or on all filers generally, cf. 28 U. S. C. § 2253(c) (1994 ed., Supp. IV) (conditioning the taking of an appeal on the issuance of a "certificate of appealability"). But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Petitioner contends that such an interpretation of the statutory phrase renders the word "properly," and possibly both words ("properly filed"), surplusage, since if the provision omitted those words, and tolled simply for "[t]he time during which a[n] . . . application for State post-conviction [relief] is pending," it would necessarily condition tolling on compliance with filing requirements of the sort described above. That is not so. If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending,* but not *properly filed.*

Petitioner's interpretation is flawed for a more fundamental reason. By construing "properly filed application" to mean "application raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim." Only individual *claims,* and not the application containing those claims, can be procedurally defaulted under state law pursuant to our holdings in *Coleman* v. *Thompson,* 501 U. S. 722 (1991), and *Wainwright* v. *Sykes,* 433 U. S. 72 (1977), which establish the sort of procedural bar on which petitioner relies. Compare § 2244(b)(1) ("A *claim presented* in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed") with § 2244(b)(3)(A) ("Before a second or successive *application* permitted by this section is *filed* in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (emphases added)). See also *O'Sullivan* v. *Boerckel,*

526 U. S. 838, 839–840 (1999) ("In this case, we are asked to decide whether a state prisoner must *present* his *claims* to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" (emphases added)). Ignoring this distinction would require judges to engage in verbal gymnastics when an application contains some claims that are procedurally barred and some that are not. Presumably a court would have to say that the application is "properly filed" *as to* the nonbarred claims, and not "properly filed" *as to* the rest. The statute, however, refers only to "properly filed" applications and does not contain the peculiar suggestion that a single application can be both "properly filed" and not "properly filed." Ordinary English would refer to certain *claims* as having been properly *presented* or *raised*, irrespective of whether the application containing those claims was properly filed.

Petitioner's remaining arguments are beside the point. He argues, for example, that tolling for applications that raise procedurally barred claims does nothing to enable the exhaustion of available state remedies—which is the object of § 2244(d)(2). Respondent counters that petitioner's view would trigger a flood of protective filings in federal courts, absorbing their resources in threshold interpretations of state procedural rules. Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them. We hold as we do because respondent's view seems to us the only permissible interpretation of the text—which may, for all we know, have slighted policy concerns on one or the other side of the issue as part of the legislative compromise that enabled the law to be enacted.

### III

The state procedural bars at issue in this case—N. Y. Crim. Proc. Law §§ 440.10(2)(a) and (c) (McKinney 1994)—simply prescribe a rule of decision for a court confronted

with claims that were "previously determined on the merits upon an appeal from the judgment" of conviction or that could have been raised on direct appeal but were not: "[T]he court must deny" such claims for relief. Neither provision purports to set forth a condition to filing, as opposed to a condition to obtaining relief. Motions to vacate that violate these provisions will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met. Consequently, the alleged failure of respondent's application to comply with §§ 440.10(2)(a) and (c) does not render it "[im]properly filed" for purposes of § 2244(d)(2). The judgment of the Court of Appeals must therefore be affirmed.

*It is so ordered.*