Christopher MORELAND,
Petitioner–Appellant,

v.

Alan J. LAZAROFF, Warden,
Respondent–Appellee.

No. 98–4357.

United States Court of Appeals,
Sixth Circuit.

Jan. 12, 2001.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

This case is before the court upon remand by the Supreme Court for reconsideration in light of its decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In *Artuz*, the Court determined that, where a state application for postconviction or other collateral review meets applicable rules and laws governing such filings, the application is "properly filed" and thus tolls the statute of repose applicable to habeas corpus petitions regardless of whether the claims contained therein are precluded by procedural bar. *Artuz*, 121 S.Ct. at 363–64.

Upon consideration in light of the Supreme Court's determination, we must vacate the district court's judgment dismissing Moreland's habeas petition as barred

by the statute of repose because Moreland's second state postconviction action tolled the limitations period. Therefore, consideration of the merits of Moreland's federal habeas petition is not barred.

Accordingly, the district court's judgment is vacated pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, and the case is remanded to the district court for further consideration.