IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-11152

———————————

WAYNE DALE WHITWORTH,

Petitioner-Appellant,

versus

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1249-G
--------------------
April 11, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wayne Dale Whitworth, Texas prisoner # 803862, seeks a
certificate of appealability (COA) to appeal the district court's
dismissal of his 28 U.S.C. § 2254 petition as time-barred.  The
district court found that the one-year 28 U.S.C. § 2244(d)
limitations period was tolled while Whitworth's state habeas
petition was pending, but his motion for reconsideration of the
denial of his state petition was an impermissible pleading under
Texas law and did not toll the limitations period.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

We have recently held that despite an apparent prohibition on motions for the reconsideration or rehearing of habeas petitions, see Tex. R. App. P. 79.2, an otherwise properly filed motion for reconsideration in the Texas Court of Criminal Appeals may toll the one-year 28 U.S.C. § 2244(d) limitations period. See Emerson v. Johnson, __ F.3d __ (5th Cir. Mar. 15, 2001, No. 99-20398). Relying on Texas state-court decisions which entertained motions for reconsideration of habeas denials and the United States Supreme Court's broad interpretation of "properly filed" in Artuz v. Bennett, 121 S. Ct. 361 (2000), we held that the "AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner *has filed* such a motion." Emerson, at *5. Therefore, if Whitworth "properly filed" a motion for reconsideration before the federal limitations period expired, the limitations period would be tolled while that motion was pending in the state court.

Although the district court apparently assumed that a motion for reconsideration had been filed, the record is unclear on this point. The district court relied on a letter from Whitworth's counsel to him that a motion for reconsideration had been filed, but there is no such motion in the state-court record before this court. There is a notation dated 10/1/99 on a letter from Attorney Gras filed July 5, 1999, that no motion for reconsideration was "ever filed." This notation bears the initials "JSG." If no motion was filed, the district court's dismissal of the 28 U.S.C. § 2254 petition is not error. If such a motion was filed, Emerson must be applied to determine timeliness. Based on our decision in Emerson, we hold that Whitworth has shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Whitworth must also show that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right. See Slack at 484-85. In his original 28 U.S.C. § 2254 application, he alleged ineffective assistance of counsel, an involuntary guilty plea, and newly discovered evidence. At a minimum, Whitworth's claims of ineffective assistance of counsel present a facially valid claim of the denial of a constitutional right, and it cannot be said that reasonable jurists could not debate whether his claims are completely undeserving of encouragement to proceed and should be dismissed without further development in the district court. See id.

Whitworth's request for a COA is GRANTED. The district court's dismissal is VACATED, and the case is REMANDED for further proceedings consistent with this opinion and our decision in <u>Emerson v. Johnson</u>.