**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6389**

---

RICHARD ANTHONY MITCHELL,

Petitioner - Appellant,

versus

MARTIN MCDADE,

Respondent - Appellee.

---

**No. 01-6447**

---

RICHARD ANTHONY MITCHELL,

Petitioner - Appellant,

versus

MARTIN MCDADE,

Respondent - Appellee.

---

Appeals from the United States District Court for the District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CA-00-824-5-F)

---

Submitted: May 24, 2001          Decided: June 14, 2001

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Richard Anthony Mitchell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Richard Mitchell appeals the district court's orders denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) and denying a certificate of appealability. We have reviewed the record and the district court's orders and find no reversible error. Accordingly, because Mitchell's § 2254 petition was filed outside the applicable one-year limitations period, we deny certificates of appealability and dismiss the appeals substantially on the reasoning of the district court. See Mitchell v. McDade, No. CA-00-824-5-F (E.D.N.C. Feb. 14 & Mar. 13, 2001).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Even if we accept as correct all of the information in Mitchell's informal brief, the § 2254 petition is still untimely. The limitation period was tolled from March 25, 1999, when Mitchell filed his motion for appropriate relief, until September 23, 1999, when the North Carolina Court of Appeals denied his petition for a writ of certiorari; the limitation period was not tolled during the pendency of Mitchell's subsequent filing with the North Carolina Supreme Court. See Artuz v. Bennett, 121 S. Ct. 361, 364 (2000); N.C. Gen. Stat. § 7A-28(a). Excluding that time from the calculation, Mitchell had until August 4, 2000 to file his § 2254 petition. Because the petition was not filed until November 2000, it was untimely even under the dates now offered by Mitchell.

3