**Seymore I. HAYES, III, Petitioner–Appellant,**

v.

**David MILLS, Warden, Respondent–Appellee.**

No. 00–5579.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2001.

Before KENNEDY, SUHRHEINRICH, and MOORE, Circuit Judges.

### ORDER

This case is before the court upon remand by the Supreme Court for reconsideration in the light of *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In *Artuz*, the Court determined that, where a state application for post-conviction or other collateral review meets applicable rules and laws governing such filings, the application is "properly filed" and thus tolls the statute of repose applicable to habeas corpus petitions regardless of whether the claims contained therein are precluded by procedural bar. *Artuz*, 531 U.S. 4, 121 S.Ct. at 363–64.

Upon consideration in the light of the Supreme Court's determination, we must vacate the district court's judgment that dismissed Hayes's habeas petition as barred by the statute of repose because Hayes's second state post-conviction action tolled the limitations period. *Artuz*, 531 U.S. 4, 121 S.Ct. at 363–64; *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Therefore, consideration of the merits of Hayes's § 2254 petition is not barred.

Accordingly, the district court's judgment is vacated pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, and the case is remanded to the district court for further consideration.