Alvin J. BLACKMON, Petitioner–Appellant,

v.

Christine MONEY, Warden, Respondent–Appellee.

No. 99–4193.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

## ORDER

This case is before the court upon remand by the Supreme Court for reconsideration in light of *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). In *Artuz*, the Court determined that, where a state application for post-conviction or other collateral review meets applicable rules and laws governing such filings, the application is "properly filed" and thus tolls the statute of limitations applicable to habeas corpus petitions. *Id.* at 8, 121 S.Ct. 361. In light of this remand, the case is once again before this court on Blackmon's application for a COA.

Upon consideration, we grant Blackmon's application for a certificate of appealability, vacate the district court's order denying Blackmon's Fed.R.Civ.P. 60(b) motion for relief from judgment, and remand the case to the district court for further consideration in light of *Artuz*. The district court dismissed Blackmon's 28 U.S.C. § 2254 petition for habeas corpus relief as untimely and denied his Rule 60(b) motion for relief from that judgment without the benefit of *Artuz*. However, Blackmon filed a state court petition for post-conviction relief that may have tolled the limitations period in light of *Artuz*.

Accordingly, Blackmon's application for a certificate of appealability is granted, the district court's order denying Rule 60(b) relief is vacated, and the case is remanded to the district court for further consideration.