**Kenneth Russell LEWIS, Petitioner–Appellant,**

v.

**James A. BOWLEN, Warden, Respondent–Appellee.**

No. 99–6607.

United States Court of Appeals, Sixth Circuit.

Dec. 20, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

PER CURIAM.

Kenneth Lewis, a Tennessee state prisoner, filed a petition for a writ of habeas corpus in federal district court, attacking his conviction for second degree murder. The district court, acting *sua sponte*, dismissed the petition, finding that it was

---

* The Hon. John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

untimely under the Anti–Terrorism and Effective Death Penalty Act (AEDPA). We agree, and we therefore affirm the judgment of the district court.

■ Lewis pleaded guilty in state court to second degree murder in 1991. In March 1994, he filed a petition for state post-conviction relief that was dismissed with prejudice at his request on January 22, 1996. Sixteen months later, on May 23, 1997, Lewis filed a "motion to reopen" his post-conviction action, but the motion was summarily denied by the trial court on the same date. The Tennessee Court of Criminal Appeals affirmed the dismissal in October 1998, and the Tennessee Supreme Court denied permission to appeal on April 5, 1999. On July 19, 1999, Lewis filed the instant action in federal district court. It was dismissed *sua sponte* as untimely under AEDPA, 28 U.S.C. § 2244(d)(1), because the district court concluded that the motion to reopen in state court was not "properly filed" and therefore did not toll the running of the one-year statute of limitations, as provided in subsection (d)(2). That provision tolls the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review ... is pending." *Id.* at § 2244(d)(2).

We conclude that the petition was subject to dismissal as untimely, but not for the reason given by the district court, *i.e.*, that the Tennessee state courts' refusal to grant Lewis's motion to reopen, because its underlying claims did not contain grounds upon which a motion to reopen could be granted, was tantamount to a determination that the petition was not "properly filed" under AEDPA. The holding of an intervening United States Supreme Court case, *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), makes the district court's rationale for deeming the state application improperly filed unsustainable. Indeed, the state appears to concede that the ruling was in error in its brief on appeal. Under *Bennett,* Lewis "properly filed" his motion to reopen before the state tribunals because, at least ostensibly, the motion met the procedural prerequisites for filing. *Bennett,* 531 U.S. at 8–9 (citations and footnote omitted).

Nevertheless, Lewis's petition was untimely under AEDPA because the motion to reopen was filed beyond the expiration of the one-year limitations period for filing a federal habeas petition. That period commenced upon the effective date of AEDPA—April 24, 1996. Hence, Lewis's petition had to have been filed by April 24, 1997, in order to be timely. The filing of his motion to reopen almost a month later, therefore, had no tolling effect because the one-year limitations period under AEDPA had already run out.

■ Lewis argues that the court should equitably toll the grace period for filing his habeas petition because of the circumstances in which his post-conviction was dismissed with prejudice. The record reflects that Lewis suffered a bout with cancer of the tonsils during the pendency of his post-conviction petition, and the prison doctor who treated him in January 1996— the month during which he filed an affidavit requesting voluntary dismissal of his post-conviction petition after consultation with his attorney—indicated in an affidavit that Lewis's medication regimen during that month rendered him incapable of making rational decisions and "knowingly, voluntarily, and intelligently" waiving his rights to partake of any legal proceedings.

We are not persuaded by this argument. The equities purportedly demanding the reopening of Lewis's post-conviction petition do not shed any light on his failure to file his habeas petition in a timely manner. Indeed, the equities of the former do not

provide an explanation for the 16–month delay in the filing of the motion to reopen. As a consequence, we find no basis for granting equitable relief in this action.

For the reasons set out above, we AFFIRM the judgment of the district court.