**Fredrick B. ZONGE, Petitioner–
Appellant,**

v.

**David MILLS, Respondent–Appellee.**

**No. 00–6447.**

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Fredrick B. Zonge appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Obion County, Tennessee, Criminal Court in 1994, Zonge was convicted of especially aggravated kidnapping, especially aggravated burglary, aggravated assault, and theft of property valued at more than $1,000, and was sentenced to a cumulative term of thirty-five years of imprisonment. The Tennessee Court of Criminal Appeals reduced Zonge's especially aggravated burglary conviction to aggravated burglary, and reduced the sentence corresponding to this conviction from fifteen to nine years of imprisonment. *State v. Zonge,* 973 S.W.2d 250 (Tenn.Crim.App.1997). The Tennessee Supreme Court denied leave to appeal on July 13, 1998.

Thereafter, Zonge filed a state habeas petition in the Morgan County Criminal Court in late 1998 or early 1999, alleging that his convictions are void because of erroneous trial court rulings. The Morgan Criminal Court dismissed the petition, and the Tennessee Court of Criminal Appeals affirmed the judgment. *Zonge v. State,* No. 03C01–9903–CR–00094, 1999 WL 1191542 (Tenn.Crim.App. Dec. 16, 1999). The Tennessee Supreme Court denied leave to appeal on June 26, 2000.

Next, Zonge filed his federal habeas petition in the district court on August 1, 2000, again alleging that his convictions are void due to erroneous trial court rulings. Specifically, Zonge alleged that the trial court improperly: (1) denied him the right to testify to his version of the facts; (2) denied him the right to have the jury weigh his testimony; (3) denied him the right to meaningful self-representation; (4) compelled him to try the case in prison clothing; and (5) infringed upon his right to remain silent. The district court dismissed the petition sua sponte as barred under the statute of limitations, determined that Zonge's claims are precluded by procedural default, and denied Zonge a certificate of appealability. Zonge filed a timely appeal, and this court granted Zonge a certificate of appealability with respect to the following issues: (1) whether Zonge's petition is barred under the applicable statute of limitations; and (2) whether Zonge's claims are procedurally barred under the circumstances of this case.

■ In his brief on appeal, Zonge contends that he did not procedurally default his claims in the state courts and asserts that his petition is not barred under the applicable statute of limitations. Respondent was not served with Zonge's petition in the district court, and was not notified to participate in this appeal. Upon consideration, we vacate the district court's judgment because the petition is not barred under the applicable statute of limitations.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to this case because Zonge filed his habeas petition after the April 24, 1996, effective date of that Act. *See Williams v. Coyle,* 167 F.3d 1036, 1037 (6th Cir.1999). After that time, a one-year statute of limitations is applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). However, any "properly filed" state postconviction proceedings tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *Artuz v. Bennett,* 531 U.S. 4, 8–11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

The district court concluded that Zonge's petition is barred under the statute of limitations because his state habeas petition was not "properly filed" for limitations tolling purposes. However, the court did not have the benefit of the Supreme Court's more recent decision in *Artuz,* in which the Court held that a petition is "properly filed" where "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. at 8–11. Here, Zonge's state habeas petition was accepted and filed by the state courts. Although the state courts rejected petitioner's claims on the ground that the claims are not cognizable in state habeas corpus, the petition itself must be considered "properly filed" for tolling purposes. Excluding the period during which the state habeas petition was pending, Zonge's federal habeas petition is timely.

■ Moreover, the district court's alternate conclusion that Zonge did not fairly present his claims in the state courts is not wholly supported in the current state of the record. At a minimum, it appears that Zonge properly presented his claim that the trial court improperly required him to try his case in prison clothing in the state courts. The state court of appeals considered and rejected the claim on the merits. *See Zonge,* 973 S.W.2d at 256–57. Thus, Zonge fairly presented at least one colorable claim for habeas corpus relief in the state courts. Under these circumstances, we vacate the district court's judgment.

For the foregoing reasons, the district court's judgment is vacated pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.