**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND PRICE,

      Petitioner - Appellant,

v.

DENISE NEAL, Supt. Mz., Colorado
State Penitentiary, Colorado Dept. of
Corrections; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents - Appellees.

No. 02-1430
D.C. No. 99-N-697 (MJW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Mr. Price seeks to appeal from the dismissal of his habeas petition, 28

U.S.C. § 2254, by the district court upon recommendation of a magistrate judge.

In order for this court to grant a certificate of appealability (COA), Mr. Price

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has denied a claim on the merits, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Where the district court has denied a claim on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The magistrate judge first recommended that the petition be denied and dismissed as time barred under § 2244(d)(1). Relying upon Carey v. Saffold, 122 S. Ct. 2134, 2141 (2002), the magistrate judge reasoned that a successive Colo. R. Crim. P. 35(c) motion ultimately resolved on the merits by the Colorado Court of Appeals was not "properly filed" within the meaning of § 2244(d)(2) because the motion was not presented within three years of the date of conviction as required by Colo. Rev. Stat. § 16-5-402(1). See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (court may consider time limits upon delivery in determining whether an application is "properly filed"). Here, the Colorado Court of Appeals declined to

- 2 -

address the timeliness issue regarding (what it considered to be) Mr. Price's

fourth Rule 35(c) motion, instead reaching the merits of his state-law procedural

competency claim.[1]  I R. Doc. 33, Ex. T at 3-7.  The federal magistrate judge

reasoned in part that because the state contested timeliness, this Rule 35(c)

motion was untimely and could not toll the federal one-year limitation period.

We could not accept this conclusion at this point because the magistrate judge did

not consider whether under Colorado law a showing of "justifiable excuse or

excusable neglect" rendered this Rule 35(c) motion timely.  See Colo. Rev. Stat.

§ 16-5-402(2)(d); People v. Wiedemer, 852 P.2d 424, 441-42 (Colo. 1993); see

also Drew v. Dep't of Corr., 297 F.3d 1278, 1284-1285 (11th Cir. 2002), petition

for cert. filed, (02-8419, Dec. 20, 2002).

Be that as it may, we are in agreement with the magistrate judge and the

district court that, to the extent they raise federal claims, Mr. Price's unexhausted

claims are procedurally barred, and that he has not demonstrated cause and

prejudice, or a fundamental miscarriage of justice to excuse that procedural

default.  I R. Doc. 40 at 28-32.  We also agree that resolution of Mr. Price's

ineffective assistance of counsel claim by the Colorado courts does not constitute

---

[1]  It should be noted that in ruling on Mr. Price's first Rule 35(c) motion, filed outside the three-year period in Colo. Rev. Stat. 16-5-402(1), the Colorado Court of Appeals reached the merits of Mr. Price's ineffectiveness claim and also declined to address whether the motion was timely.  Doc. 33, Ex. J at 2.

an unreasonable application of federal law.  I R. Doc. 40 at 32-37.  For substantially those reasons,

We DENY a COA, DENY IFP status as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge