**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-7541**

———————

MELVIN CURTIS SMITH,

                                        Petitioner - Appellant,

        versus

G. L. WOODARD, Superintendent of Johnston
Correctional Institution,

                                        Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.   (CA-00-914-5-F-3)

———————

Submitted:  February 25, 2003      Decided:  March 10, 2003

———————

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Melvin Curtis Smith, Appellant Pro Se.   Sandra Wallace-Smith,
Assistant Attorney General, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Melvin Curtis Smith appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2000) petition as untimely filed. 28 U.S.C. § 2244 (2000). To be entitled to a certificate of appealability, an appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). When dismissal occurs on procedural grounds, the petitioner "must demonstrate both: (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001).

Upon examination of Smith's 28 U.S.C. § 2254 petition and the record, we cannot conclude that reasonable jurists would find it debatable whether the district court correctly concluded the petition was untimely. See Smith v. Woodard, No. CA-00-914-5-F-3 (E.D.N.C. Sept. 5, 2002).[*]

_____

[*] The one-year limitations period commenced on October 5, 1998, ninety days after the North Carolina Court of Appeals affirmed Smith's conviction on July 7, 1998. 28 U.S.C. § 2244(d)(1)(A); Harris v. Hutchison, 209 F.3d 325, 327 (4th Cir. 2000). Smith's subsequent pursuit of collateral review in the North Carolina Court of Appeals was properly filed, and tolled his one-year filing period; however, Smith's pursuit of collateral

2

Accordingly, we deny a certificate of appealability and dismiss the appeal. <u>See</u> 28 U.S.C. § 2253(c) (2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

review in the North Carolina Supreme Court was improperly filed, and did not toll his filing period. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Consequently, Smith's 28 U.S.C. § 2254 was due by May 14, 2000. Smith's petition was signed and therefore filed on December 1, 2000. <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988). Accordingly, Smith's 28 U.S.C. § 2254 petition was untimely filed.