[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

No. 04-15378
Non-Argument Calendar

_____

D.C. Docket No. 04-01300-CV-T-26-EAJ

MICHAEL A. ANDERSON,

Petitioner-Appellant,

versus

ATTORNEY GENERAL OF FLORIDA,
AL SOLOMON,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 10, 2005)

Before TJOFLAT, DUBINA, and MARCUS, Circuit Judges.

PER CURIAM:

Michael A. Anderson, a Florida prisoner proceeding pro se, appeals the

dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Anderson filed the instant

habeas petition on June 2, 2004, seeking to challenge the validity of his state court convictions and sentences, which became final in 1995, for six counts of burglary, three counts of grand theft, and four counts of dealing in stolen property. The district court dismissed the petition as time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996).

On appeal, Anderson argues that his filing of a 1999 prison grievance and a 2001 petition for writ of mandamus, both against the Florida Department of Corrections ("DOC"), in which he sought "prison credits" against the length of his sentence, tolled the AEDPA's one-year limitations period. Absent tolling, the limitations period would have expired one year from the April 24, 1996 effective date of the AEDPA, or on April 24, 1997. See Wilcox v. Fla. Dept. of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (holding that § 2254 petitions of prisoners whose convictions became final before the passage of the AEDPA are timely if filed within one year from the AEDPA's effective date). After thorough review of the record and the parties' briefs, we affirm.

We review de novo the district court's dismissal of a § 2254 petition. Clark v. Crosby, 335 F.3d 1303, 1307 (11th Cir. 2003). The district court's factual determinations are reviewed for clear error, and the court's factual findings must be

2

affirmed unless the record lacks "substantial evidence" to support the district court's determination. Id.

A § 2254 petition challenging a conviction that becomes final before the passage of the AEDPA is timely if filed within one year from the AEDPA's effective date. Wilcox, 158 F.3d at 1211. The limitation period shall run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2) (emphasis added). The Supreme Court recently held that:

3

we are guided by the 'common usage' and 'commo[n] underst [anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

Pace v. Diguglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1811-12 (2005) (citing Artuz v. Bennett, 531 U.S. 4, 11, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)). The Court ultimately held that, under the AEDPA, "time limits, no matter their form, are 'filing' conditions." Pace, _____ U.S. at ____, 125 S. Ct. at 1814.[1]

In Pace, the Court also addressed whether the petitioner was entitled to equitable tolling for the time during which his untimely petition was pending in the state courts: "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2)

---

[1] As for the problem presented by a "'petitioner trying in good faith to exhaust state remedies [who] may litigate in state court for years only to find out at the end that he was never properly filed' and thus that his federal habeas petition is time barred[,]" the Court noted that a prisoner seeking state post-conviction relief may avoid this predicament by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. Pace, 125 S. Ct. at 1813. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.; see also Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004) (holding, prior to Pace, that a petitioner's state post-conviction application must meet state filing deadlines to toll AEDPA's one-year limitations period).

that some extraordinary circumstance stood in his way." Id. Thus, the Court concluded that the petitioner's argument, that the state law and the Circuit exhaustion law "created a trap on which he detrimentally relied as his federal time limit slipped away," was irrelevant because petitioner would not be entitled to relief since he sat on his rights before filing his petition and thus failed to establish that he exercised the requisite diligence. Pace, ____ U.S. at ____, 125 S. Ct. at 1815.

Here, the district court properly dismissed Anderson's habeas petition as untimely. Absent tolling by a properly filed application for State post-conviction or other collateral review, Anderson's AEDPA limitations period expired on April 24, 1997. Anderson did not argue in the district court, and he does not claim here, that he filed any tolling-eligible application prior to that date. As for his arguments based on an administrative grievance and petitions for mandamus or habeas relief, all of which were filed well after the limitations period expired, we can find no reversible error in the district court's analysis. Accordingly, we affirm the dismissal of Anderson's § 2254 habeas petition as time-barred.

**AFFIRMED.**