**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL DALE SPEER,

        Petitioner-Appellant,

v.

MARTY SIRMONS,

        Respondent-Appellee.

No. 05-6272

(W.D. Oklahoma)

(D.C. No. 05-691-R)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Randall Dale Speer, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He also seeks leave to proceed in forma pauperis ("IFP"). We deny Mr. Speer's application for a COA and grant his request to proceed IFP, and we dismiss this appeal.

I. BACKGROUND

On September 23, 2002, a state court judge for the District Court of

Oklahoma County entered a judgment and sentence reflecting Mr. Speer's conviction. Mr. Speer was convicted by a jury for possession of a precursor substance with intent to manufacture a controlled dangerous substances, after former conviction of two or more felonies. He was sentenced to thirty-six years of imprisonment and fined $50,000.

Mr. Speer appealed, and on October 21, 2003, the Oklahoma Court of Criminal Appeals affirmed his conviction. On September 28, 2004, Mr. Speer filed an application for post-conviction relief, which the state district court denied on November 16, 2004. Pursuant to 22 Okla. Stat. tit. 22, § 1087, Mr. Speer had thirty days to appeal this denial. On December 14, 2004, Mr. Speer attempted to appeal, but he received a letter dated the same day from the Oklahoma Court of Criminal Appeals's deputy clerk advising him that the court's rules required that his filings much be accompanied by either the $50.00 filing fee or a completed Affidavit in Forma Pauperis. Mr. Speer apparently included a copy of the affidavit, rather than the original.

On December 20, 2004, Mr. Speer attempted to file his appeal with the original affidavit. Recognizing his appeal might be considered untimely, he included a Motion to "Retain" Jurisdiction Over Appeal, citing 22 Okla. Stat. tit. § 1069, which provides:

> An appeal shall not be dismissed for any informality or defect in the taking thereof. If the same be corrected in a reasonable time after an

appeal has been dismissed, another appeal may be taken.

22 Okla. St. Ann. § 1069.  Mr. Speer contended that rules did not specify that the *original* affidavit, rather than a copy, was required, and as such, this oversight should be excused.

On February 23, 2005, the Oklahoma Court of Criminal Appeals entered an order in which it declined appellate jurisdiction and dismissed the attempted post-conviction appeal.  The Oklahoma Court of Criminal Appeals also addressed Mr. Speer's motion to retain jurisdiction, noting that the rule provides in pertinent part:

> Any person who asserts indigency and an inability to pay the filing fees required under these Rules must execute and file with the Clerk of this Court an "Affidavit in Forma Pauperis," *verified before a notary public or other person authorized to administer oaths*. . . .

Rule 1.11, Rules of the Oklahoma Court of Criminal Appeals, 22 O.S.1991, Ch. 18, App. (emphasis added).  Thus, Mr. Speer's copy of the affidavit did not comply with the rule because a copy cannot reflect proper notarization.  The Oklahoma Court of Criminal Appeals therefore dismissed the appeal as untimely.

Mr. Speer filed a petition pursuant to 28 U.S.C. § 2254 on June 17, 2005, in which he raised eleven claims.  Claims one through eight raised various due process, prosecutorial misconduct and ineffective assistance claims.  The magistrate judge recommended the dismissal of these claims as untimely.  The magistrate judge also determined that equitable tolling did not apply.  Claims nine

3

through eleven challenged Oklahoma's post-conviction procedures, specifically the Oklahoma Court of Criminal Appeals' delayed issuance of the order declining appellate jurisdiction and also raised a question regarding the ethics of a former judge on the Oklahoma Court of Criminal Appeals. The magistrate judge recommended dismissal of these claims, noting each failed to state a claim for the deprivation of a federal constitutional right.

In his objections to the report and recommendation, Mr. Speer argued that the limitations period should start running on February 23, 2005, and that, given this date, his § 2254 petition was timely. The district court adopted the magistrate judge's report and recommendation, dismissed the petition as untimely, and denied Mr. Speer a COA.

## II. DISCUSSION

In order for this court to grant a COA, Mr. Speer must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Speer must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). When a § 2254 petition is denied by the district court for

4

procedural reasons, as is the case here, the petitioner must clear the added hurdle of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For purposes of habeas review, the one-year statute of limitations began to run at the time Mr. Speer's convictions became "final." *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). The limitations period began to run on December 16, 2004.

On September 28, 2004, 253 days into AEDPA's one-year statute of limitations, Mr. Speer attempted to file a state post-conviction petition under Okla. Stat. § 60-1507. This action tolled the one-year limitation period. *See id.* However, after the state district court denied his motion, Mr. Speer failed to file a timely appeal with the Oklahoma Court of Criminal Appeals. The one-year limitation therefore resumed running following the last day Mr. Speer could have filed such an appeal, or December 17, 2004. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("The limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."). Because Mr.

5

Speer did not filed his § 2254 petition until June 17, 2005, it was time-barred.

Mr. Speer suggests that we should toll the limitations period from the time he thought he had properly filed his appeal (December 14, 2005), until he received the Oklahoma Court of Criminal Appeals's February 23, 2005 order declining appellate jurisdiction. Under this theory, his federal petition would be timely filed.

In *Pace v. Diguglielmo*, 125 S. Ct. 1807 (2005), the Supreme Court foreclosed any argument that "reasonable confusion about whether a state filing would be timely" should constitute good cause to allow a petition to file in federal court: "[i]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'" *Id.* at 1813-14. "Time limits on postconviction petitions are 'conditions to filing' such that an untimely petition would not be deemed 'properly filed.'" *Id.* at 1811(quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Accordingly, we agree with the district court that the one-year limitations period expired on April 7, 2005. The Oklahoma Court of Criminal Appeals rejected Mr. Speer's post-conviction appeal as untimely, and, as a result, Mr. Speer never "properly filed" his appeal from the denial of post-conviction relief. *See id.* at 1814 (concluding that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). Thus, despite Mr. Speer's confusion

6

and the fact that he missed the deadline by only a few days, this is a call that the Oklahoma Court of Criminal Appeals gets to make.

We have carefully reviewed Mr. Speer's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Speer's filing raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth by the magistrate judge's report and recommendation, and the district court's order, we cannot say that it is "debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. We also agree that Mr. Speer's challenges to Oklahoma's post-conviction appeals process raise no federal constitutional claim. *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (stating that federal habeas relief is only available upon a showing that a conviction violated federal law and review "does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

## III. CONCLUSION

We DENY Mr. Speer's request for a certificate of appealability, GRANT his motion to proceed IFP, and DISMISS the appeal.

Entered for the Court,

7

Robert H. Henry
Circuit Judge