**John R. GIBSON, Petitioner–Appellant,**

v.

**Lea Ann CHRONES, Respondent–Appellee.**

**No. 07–15071.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed April 29, 2008.

John R. Gibson, San Luis Obispo, CA, pro se.

Jennifer A. Neill, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner John R. Gibson appeals pro se from the district court's judgment dismissing as untimely his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand.

As an initial matter, we construe Gibson's "Motion the Court to Consider Case no. CV–F03–6639–AWI–DLB–HC on the One Year Limitation It Was Filed First on the Parole Board. Jan. 3, 2002 Decision" as a motion to take judicial notice of a minute order from the Los Angeles County Superior Court, and we grant the motion. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir.2002) (taking judicial notice of state court documents relevant to the issue of statutory tolling).

The district court dismissed Gibson's federal habeas petition as time-barred under 28 U.S.C. § 2244(d)(1) and concluded that he was not entitled to statutory tolling because he did not file any applications for state collateral relief until well over a year after expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2). However, the district court did not consider whether Gibson was entitled to statutory tolling as a result of the habeas petition filed in the Los Angeles County Superior Court and denied within the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

We therefore vacate and remand for the district court to consider whether Gibson is entitled to statutory tolling, and if so, whether his federal petition is timely.[1]

**VACATED AND REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On January 18, 2007, Gibson filed a motion or request to include supplemental supportive case law on appeal. No leave of court is required to advise the court of such authorities. *See* Fed. R.App. P. 28(j). Accordingly, the motion is denied.