**Jerad HITE, Petitioner–Appellant,**

v.

**E. EVANS, Warden, Respondent–
Appellee.**

No. 07–56078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2009.

Filed Oct. 19, 2009.

Verna Jean Wefald, Esquire, Attorney
at Law, Pasadena, CA, for Petitioner–Appellant.

Kevin Vienna, Supervising Deputy Attorney General, Office of the California
Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KLEINFELD and TALLMAN,
Circuit Judges, and TRAGER,* District
Judge.

MEMORANDUM **

Jerad Hite ("Petitioner") is currently
serving an indeterminate prison term after
being convicted of one count of assault
with a deadly weapon in violation of section 245 of the California Penal Code. Petitioner appeals the district court's denial of
his petition for a federal writ of habeas
corpus as untimely based on a finding that

Petitioner failed to "diligently follow[ ] up"
as required by *Huizar v. Carey*, 273 F.3d
1220, 1223 (9th Cir.2001). We have jurisdiction under 28 U.S.C. § 2253. We reverse the district court's dismissal of the
petition and remand with instructions to
adjudicate the habeas petition on the merits.

Petitioner sent three pieces of mail to
the California Supreme Court on January
16, 2004, and he alleges that these mailings
constituted a state habeas petition. The
California Supreme Court received these
mailings and responded by letter on January 15, 2005, informing Petitioner that his
habeas petition needed to be filed on Form
MC–275 pursuant to California Rule of
Court 8.380. Petitioner refiled his state
habeas petition on the correct form ten
days after receiving this letter. Thus, Petitioner diligently followed up with his
state habeas petition.

Petitioner is entitled to statutory tolling
under the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA")
because although the 2004 mailings were
not on the required form, California Rule
of Court 8.380 allows petitioners not represented by an attorney to file a petition
without the form for good cause. This
exception permits a finding that Petitioner's 2004 mailings were "properly filed"
under *Artuz v. Bennett*, 531 U.S. 4, 8, 121
S.Ct. 361, 148 L.Ed.2d 213 (2000). Consequently, Petitioner is entitled to statutory
tolling for the time the California Supreme
Court had Petitioner's 2004 mailings, making his federal habeas petition timely under AEDPA by thirteen days. The district court erred in dismissing Petitioner's
federal habeas petition as untimely. The
district court should proceed to adjudicate
the federal habeas petition on its merits.

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

REVERSED and REMANDED with instructions.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.