MEMORANDUM **
Jerad Hite (“Petitioner”) is currently serving an indeterminate prison term after being convicted of one count of assault with a deadly weapon in violation of section 245 of the California Penal Code. Petitioner appeals the district court’s denial of his petition for a federal writ of habeas corpus as untimely based on a finding that Petitioner failed to “diligently followf ] up” as required by Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir.2001). We have jurisdiction under 28 U.S.C. § 2253.' We reverse the district court’s dismissal of the petition and remand with instructions to adjudicate the habeas petition on the merits.
Petitioner sent three pieces of mail to the California Supreme Court on January 16, 2004, and he alleges that these mailings constituted a state habeas petition. The California Supreme Court received these mailings and responded by letter on January 15, 2005, informing Petitioner that his habeas petition needed to be filed on Form MC-275 pursuant to California Rule of Court 8.380. Petitioner refiled his state habeas petition on the correct form ten days after receiving this letter. Thus, Petitioner diligently followed up with his state habeas petition.
Petitioner is entitled to statutory tolling under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) because although the 2004 mailings were not on the required form, California Rule of Court 8.380 allows petitioners not represented by an attorney to file a petition without the form for good cause. This exception permits a finding that Petitioner’s 2004 mailings were “properly filed” under Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2cl 213 (2000). Consequently, Petitioner is entitled to statutory tolling for the time the California Supreme Court had Petitioner’s 2004 mailings, making his federal habeas petition timely under AEDPA by thirteen days. The district court erred in dismissing Petitioner’s federal habeas petition as untimely. The district court should proceed to adjudicate the federal habeas petition on its merits.
*132 REVERSED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.