FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHANE BURDEN,

      Petitioner - Appellant,

v.

CYNTHIA COFFMAN, The Attorney
General of the State of Colorado,

      Respondent - Appellee.

No. 18-1059
(D.C. No. 1:17-CV-02155-LTB)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Shane D. Burden seeks a certificate of appealability (COA) to appeal

the denial by the United States District Court for the District of Colorado of his

application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

COA to appeal final order in a habeas proceeding in which the detention complained of

arises out of process issued by a state court). We decline to grant a COA and dismiss the

appeal because the district court properly determined that the application was untimely.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the [application] should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [application] or that the [applicant] should be allowed to proceed further." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), an applicant in custody pursuant to a state-court judgment has one year after his conviction becomes final to seek relief under § 2254. *See* 28 U.S.C. § 2244 (d)(1)(A). The time limit may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244 (d)(2).

Applicant filed his § 2254 application on November 2, 2017. The application challenges his convictions and sentences in two Colorado state cases: Jefferson County District Court Case No. 04-CR-0511 and Jefferson County District Court Case No. 04-CR-2410. On June 20, 2005, he was sentenced in both cases to a 24-year term of imprisonment.

In No. 04-CR-2410, Applicant did not appeal his conviction and he did not seek state postconviction relief until July 6, 2007, more than two years after he was sentenced. Thus, his § 2254 application was clearly untimely with respect to that conviction. Even though state postconviction proceedings can toll the one-year limitations period, that period had expired well before he sought state postconviction relief from that conviction.

2

The timeline for No. 04-CR-0511 is more involved. Applicant appealed that conviction; so the AEDPA limitations period did not commence until the Colorado Supreme Court denied his petition for certiorari in October 2008 and the time expired for him to seek review in the United States Supreme Court. Meanwhile, however, on July 6, 2007, Applicant had filed a motion for postconviction relief in state court. That proceeding was pending for almost seven years, tolling the AEDPA limitations period all the while. The state trial court ultimately denied the postconviction motion, the Colorado Court of Appeals affirmed, and on April 17, 2014, the state high court denied Applicant's petition for certiorari. Only then did the limitations clock begin to tick.

But 118 days later, on August 13, 2014, Applicant filed a second pro se motion for state postconviction relief in No. 0511. The state district court denied the motion on October 21, 2014. Applicant did not appeal within the 49-day period permitted by state law. *See* Colo. App. R. 4 ("the notice of appeal . . . shall be filed with the appellate court . . . within 49 days of the date of the entry of the judgment, decree, or order from which the party appeals").

The one-year limitation period therefore expired in August 2015. Although Applicant sought relief through a petition for writ of mandamus in the Colorado Court of Appeals in April 2016, the limitations period had already expired by that time, so we need not resolve whether such a petition would toll the one-year period.

Applicant appears to rely for tolling on a pleading labeled "reply brief" that he filed in the second postconviction proceeding on November 5, 2014, sixteen days after the state trial court had denied relief. But not every postconviction pleading filed in state

3

court can toll the limitations period. *See* 28 U.S.C.A. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added)); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document [and] the time limits upon its delivery. . . ."). Applicant does not provide any reason why the "reply brief" was a proper pleading for tolling purposes, and we can come up with no reason on our own.

Thus, no reasonable jurist could debate the district court's decision that Applicant's § 2254 application was untimely.

We **DENY** a COA and **DISMISS** the appeal. We also **DENY** Applicant's request to proceed in forma pauperis, and **DENY** his Motion for Appointment of Counsel.

Entered for the Court

Harris L Hartz
Circuit Judge

4