[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 06, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14360
Non-Argument Calendar

_____

D.C. Docket No. 99-01185-CV-AJ


GEORGE C. DELANCY,

                                        Petitioner-Appellant,

        versus


FLORIDA DEPARTMENT OF
CORRECTIONS, MICHAEL
MOORE, Secretary,

                                        Respondents-Appellees.


_____

Appeal from the United States District Court for the
Southern District of Florida

_____
**(April 6, 2001)**


Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

George Calvin Delancy, a pro se Florida prisoner, appeals the dismissal of his 28 U.S.C. § 2254 federal habeas corpus petition as time-barred, arguing that his Florida post-conviction motions tolled the one-year period of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a federal habeas corpus petition. 28 U.S.C.A. § 2244(d)(2). Alternatively, Delancy argues that he is entitled to equitable tolling because counsel for his state post-conviction petitions advised him to file "extra motions," thereby preventing him from making a timely federal filing.

## Discussion

We review a district court's grant or denial of habeas relief de novo, but review a court's factual findings in a habeas corpus proceeding for clear error. Wilcox v. Florida Dep't. of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998) cert. denied, 121 S.Ct. 103 (2000).

AEDPA imposes a one-year period of limitations for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). For prisoners, such as Delancy, whose convictions became final before the effective date of AEDPA, the one-year period to file a federal habeas corpus petition extends from the statute's effective date, April 23, 1996 until April 23, 1997. Wilcox, 158 F.3d at 1210. This one-year limitations

period can be tolled, however, by a "properly filed application for State post-conviction [relief] or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Delancy's federal habeas petition was filed on April 23, 1999, two years after the grace period ended. Thus, to toll the time, Delancy had to have filed a state petition prior to April 23, 1997. Delancy argues that the motion he filed for state post-conviction relief under Fla.R.Crim.P. 3.800 on October 15, 1996 sufficed to toll the limitations period even though it was dismissed because it was brought pursuant to the wrong statutory vehicle, that is, a Rule 3.800 motion rather than a Rule 3.850 motion.[1] Thus, we first address the question of whether a state post-conviction challenge to consecutive sentences, dismissed because it was brought pursuant to the wrong statutory vehicle, is "properly filed" within the meaning of § 2244(d)(2).

The United States Supreme Court recently defined "properly filed" within the meaning of AEDPA in <u>Artuz v. Bennett</u>, 121 S.Ct. 361(2000), . The Court found that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing <u>filings</u>." <u>Id.</u> at 364 (emphasis added). The Court identified as examples of these laws and rules those

---

[1] Delancy had previously filed a Rule 3.850 motion in 1995 and two Rule 3.850 motions in May, 1996. The trial court's denial of the 1995 motion became final in 1995 and the denial of the 1996 motions became final in June, 1996. Therefore, assuming these motions were "properly filed," they would not have extended the limitations period past June, 1997. Thus, for purposes of this appeal, the 1995 and 1996 petitions for state post-conviction relief are immaterial.

which prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id.; see also Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) (petitioner's motion for post-conviction relief under Fla.R.Crim.P. 3.850, which requires that the motion be under written oath, did not contain the requisite written oath and therefore was not "properly filed"). The Court explained that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar," for,

> [b]y construing "properly filed application" to mean "application raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim." . . . Ignoring this distinction would require judges to engage in verbal gymnastics when an application contains some claims that are procedurally barred and some that are not. Presumably a court would have to say that the application is "properly filed" as to the nonbarred claims, and not "properly filed" as to the rest. The statute, however, refers only to "properly filed" applications and does not contain the peculiar suggestion that a single application can be both "properly filed" and not "properly filed."

Id.

We find that under Artuz the district court erred in looking beyond the face of Delancy's Rule 3.800 motion to consider the individual claims (i.e., whether they are challenges to consecutive sentences or to illegal sentences) in determining

4

whether that motion was "properly filed" under § 2244(d)(2).[2]  We find that the motion was "properly filed" under § 2244(d)(2) because the Rule 3.800 motion, on its face, met state procedural and filing requirements.

Our inquiry does not end there, however, for while Delancy's Rule 3.800 motion tolled the one-year period during the time that the motion was pending in state court, the limitations period began to run again on October 31, 1997 when the state appellate court affirmed the trial court's denial of his motion.   At that point Delancy had six months left before his one-year limitations period expired.[3] Instead of filing a federal petition within those six months, Delancy filed a motion for state post-conviction relief under Rule 3.850 approximately one month after the state appellate court ruling, on November 25, 1997 to satisfy the state appellate court's ruling that his challenge to consecutive sentences should have been raised by a Rule 3.850 motion.   If this motion is considered  "properly filed," then the limitations period would again have been tolled until this motion was resolved, leaving five months of the federal limitations period to file a federal habeas

---

[2] Prior to <u>Artuz</u> this Court had held that a state court post-conviction motion that was denied as successive is not properly filed and does not toll AEDPA's limitations period in <u>Weekley v. Moore</u>, 204 F.3d 1083 (11th Cir. 2000), <u>judgment vacated</u>, 121 S.Ct 751 (2001).  On remand, this Court held that in light of <u>Artuz</u> a successive state court post-conviction motion constitutes a "properly filed" petition for purposes of tolling AEDPA's statute of limitations period.  <u>Weekley v. Moore</u>, – F.3d –, No. 98-4218 (11th Cir. March 15, 2001).

[3] When Delancy filed his Rule 3.800 motion on October 16, 1996, six months had elapsed since the one-year limitations period began to run on April 23, 1996.

5

petition. The state appellate court denied his motion on April 9, 1999. Thus, if the Rule 3.850 motion is considered to have been "properly filed," his petition for federal habeas corpus relief, filed on April 13, 1999, would have been well within the limitations period.

Florida Rule of Criminal Procedure 3.850(b) provides:

> (b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
> > (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence .
> > . . .

Delancy's motion was clearly filed more than two years after his judgment and sentence became final. However, the rule provides that a motion is filed timely, even if filed more than two years after the judgment and sentence became final, if it alleges that "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Id. Delancy argues that his motion did allege that newly discovered evidence rendered his conviction unlawful. While the claims

raised in his Rule 3.850 motion may have no merit, the question for purposes of this appeal is whether the motion is, within the meaning of 28 U.S.C. § 2244(d)(2), "a properly filed motion for state post- conviction" relief under that section. Under Artuz, an application is "properly filed" when its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." Id. Because Rule 3.850 requires only that the motion allege that facts "were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence" we find that if Delancy's Rule 3.850 motion in fact alleges "newly discovered evidence," it was "properly filed." Delancy's Rule 3.850 therefore would have tolled the one-year limitations period, leaving five months from the date the state appellate court resolved the motion on April 9, 1999, and therefore his petition for federal habeas corpus relief, filed on April 13, 1999, would have been within AEDPA's one-year limitations period. Accordingly, the district court's dismissal of the petition for a writ of habeas corpus as time barred is reversed and this case is remanded to the district court for further proceedings consistent with this opinion."[4]

REVERSED AND REMANDED.

---

[4] Because we reverse the district court's dismissal of Delancey's petition on this ground, it is not necessary to reach on appeal the issue of whether equitable tolling is appropriate in this case.