[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————  ———————

No. 03-11550

———————————

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 31, 2004**
**THOMAS  K. KAHN**
**CLERK**

D. C. Docket No. 02-01131 CV-JEC-1

ANTHONY L. ESTES,

Petitioner-Appellant,

versus

BRUCE CHAPMAN,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————

**(August 31, 2004)**

Before ANDERSON and BIRCH, Circuit Judges, and ROYAL,[*] District Judge.

ANDERSON, Circuit Judge:

This case concerns whether a state-court motion to vacate an allegedly void

---

[*]     Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

sentence was "properly filed" such that it tolled the limitations period for filing federal habeas petitions set forth in 28 U.S.C. § 2244(d)(1).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Estes was convicted in Georgia state court of kidnaping and other offenses. He had previously been convicted of rape.  Because the kidnaping conviction was Estes' second "serious violent felony," as defined in O.C.G.A. § 17-10-6.1,[1] the court was required to sentence him to life imprisonment without parole, O.C.G.A. § 17-10-7(b)(2).  Estes unsuccessfully appealed and unsuccessfully sought state post-conviction relief.  In September 2001, Estes filed a "Motion to Vacate Illegally Imposed Sentence" (hereinafter "motion to vacate" or "motion"), which was denied by the trial court, and the Georgia Court of Appeals affirmed.  Thereafter, Estes filed a petition for a writ of habeas corpus in federal court.  The district court rejected Estes' federal habeas petition as untimely under § 2244(d)(1).  This appeal followed.

The parties agree that whether the limitations period had run turns on whether Estes' motion to vacate was "properly filed" under § 2244(d)(2).  If the motion was properly filed, this Court should reverse.  If it was not properly filed, this Court should affirm. We review the district court's dismissal <u>de novo</u>, <u>Drew</u>

---

[1]     O.C.G.A. § 17-10-6.1(a)(3) (kidnaping); § 17-10-6.1,(a)(4) (rape).

2

v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002), and we reverse.

## II. LEGAL BACKGROUND – MOTIONS TO VACATE VOID SENTENCES AND "PROPERLY FILED" HABEAS PETITIONS

### A. Motions to Vacate Void Sentences

Under the law operating at the time of Estes' sentencing, Georgia courts could only modify a sentence before the expiration of the sentencing court's term or within 60 days of the original sentencing. See Reynolds v. State, 132 Ga. App. 89, 91, 207 S.E.2d 630, 632 (1974); Crumbley v. State, 261 Ga. 610, 611, 409 S.E.2d 517, 518 (1991). However, "[w]here a sentence is void . . . the court may resentence the defendant at any time." Crumbley, 621 Ga. at 611, 409 S.E.2d at 518 (emphasis added).[2] See also Williams v. State, 217 Ga. 686, 523 S.E.2d 857 (1999).

Against this legal backdrop, the State argues that Wright v. State, 277 Ga. 810, 811, 596 S.E.2d 587, 588 (2004), bars motions to vacate such as Estes'. See id. ("Wright is essentially seeking to vacate the judgment of conviction for malice murder. However, we have consistently held that a motion to vacate a judgment will not lie in a criminal case."). We are skeptical of the State's reading of Wright

---

[2]   In 2001 the Georgia legislature altered this law to allow sentence modifications within one year or 120 days of the conclusion of the direct appeal process, whichever is later. See O.C.G.A. § 17-10-1(f). The Georgia Court of Appeals has held that the new provision did not revoke the courts' ability to vacate void sentences at any time. Kinsey v. State, 259 Ga. App. 653, 653, 578 S.E.2d 269, 270 (2003).

because the Georgia Supreme Court reiterated in 2002 and 2003 that a motion to vacate a void sentence may be filed at any time. See, e.g., Curtis v. State, 275 Ga. 576, 577-78, 571 S.E.2d 376, 379 (2002); Shields v. State, 276 Ga. 669, 671, n.6 581 S.E.2d 536, 537 n.6 (2003). Thus, reading Wright to bar motions to vacate void sentences would bring it into direct conflict with very recent cases, including one case upon which Wright relied. See Wright, 277 Ga. 810, 811 n.4, 596 S.E.2d 587, 588 n.4 (citing Shields, 276 Ga. 669, 581 S.E.2d 536). However, we need not decide this issue because Wright was decided well after Estes filed his motion; therefore any change from the prior law that it may have announced would not apply to him. See Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003) ("[W]e conclude that a rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for purpose of AEDPA's tolling provision.").[3]

---

[3] For the same reason, we reject the State's reliance upon Collins v. State, 277 Ga. 586, 591 S.E.2d 820 (2004). The State relies upon Collins for the proposition that Georgia courts lack jurisdiction to hear a post-term motion to vacate when it alleges only that a sentence is voidable rather than void. Id. at 587-88, 591 S.E.2d 821-22. Therefore, the State argues such motions may not be properly filed for purposes of § 2244(d)(2). We decline to address the import of Collins because it was decided after the time of Estes' motion, and the State does not suggest that Collins represents a firmly established and regularly followed rule dating back to that time. See Siebert, 334 F.3d at 1025. Quite the contrary, the cases cited above in text reveal that Georgia courts have for many years recognized jurisdiction to entertain at any time motions to vacate sentences alleged to be void, including cases in 1999, 2002, and 2003 – time frames which bracket the 2001 motion involved in this case. Indeed, in this case both the state trial court and the Court of Appeals addressed Estes' allegations and ruled on the issue of whether the sentence was void; those courts did not dismiss Estes' challenge as asserting merely that the

B.  "Properly Filed" Habeas Petitions

In Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361 (2000), the Supreme Court

clarified the circumstances under which a motion is "properly filed" for purposes

of § 2244(d)(2).  Artuz held that a motion to vacate a sentence was properly filed

even though both claims in the motion were procedurally barred by state law.  Id.[4]

The Court reasoned that a motion is properly filed merely "when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings"

– rules such as "the form of the document, the time limits upon its delivery, the

court and office in which it must be lodged, and the requisite filing fee."  Id. at 8,

121 S. Ct. at 364 (footnote omitted).  The Court further explained that "in common

usage, the question whether an application has been 'properly filed' is quite

separate from the question whether the claims contained in the application are

meritorious and free of procedural bar."  Id. at 9, 121 S. Ct. at 364.  Thus, proper

filing is usually a matter of meeting basic, formal filing requirements.

However, the Court specifically noted one potentially relevant instance in

---

sentence was voidable.  Because Collins was decided after the time of Estes' motion, and because the interpretation the State seeks to place upon Collins does not reflect the firmly established and regularly followed rule at that time, any change in the law effected by Collins does not apply to this case.

[4]     One claim was barred because it had already been decided on the merits on appeal.  The other was barred because the defendant had "unjustifiabl[y] fail[ed]" to raise it on appeal.  Id. at 7, 121 S. Ct. at 363 (citing N.Y. Crim. Proc. Law § 440.10(2)(a), 2(c)).

5

which a motion is <u>not</u> "properly filed": when a motion is filed in a court that lacks jurisdiction to hear it. <u>Id.</u> ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."). Here, Estes and the State argue over whether the trial court had jurisdiction over Estes' motion to vacate.

## III.  DISCUSSION

The State argues that because Estes filed his motion outside the term of court, and because his sentence was not void, the trial court lacked jurisdiction to hear the motion. We disagree. As discussed above, Georgia law makes clear that a sentencing court has jurisdiction to examine a motion to vacate outside the sentencing term if it alleges that a sentence is void. If the motion is meritorious, the court will grant it; if the motion lacks merit, the court loses jurisdiction because it may only modify a sentence after the expiration of the sentencing court's term if the sentence is void. <u>See, e.g.</u>, <u>Barber v. State</u>, 240 Ga. App. 156, 157, 522 S.E.2d 528, 530 (1999) ("A void judgment is 'a mere nullity,' and an individual may attack such judgment 'when it becomes material to the interest of the parties to consider it.' . . . However . . . If the judgment is not void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed."). The Georgia Court of Appeals' disposition in this case

6

accorded with the case law. It did not say the trial court lacked jurisdiction to hear the motion at all; it said the trial court lacked jurisdiction "to modify Estes' sentence."

Thus, we agree with Estes that this case is controlled by <u>Delancy v. Florida Department of Corrections</u>, 246 F.3d 1328 (11th Cir. 2001). In <u>Delancy</u>, this court considered whether a motion filed beyond the state's general two year statute of limitations, but alleging facts triggering an exception to the general rule, could qualify as "properly filed." We held that even a time-barred motion is "properly filed" if it alleges facts that would excuse the time bar:

> While the claims raised in his Rule 3.850 motion may have no merit, the question for purposes of this appeal is whether the motion is, within the meaning of 28 U.S.C. § 2244 (d)(2), "a properly filed motion for state post-conviction" relief under that section. . . . Because Rule 3.850 requires only that the motion allege that facts "were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence" we find that if Delancy's Rule 3.850 motion in fact alleges "newly discovered evidence," it was "properly filed."

<u>Id.</u> at 1331; <u>see also</u> <u>Drew</u>, 297 F.3d at 1285 ("Pursuant to <u>Delancy</u>, Drew's third 3.850 motion would have been properly filed despite its untimeliness if it had alleged facts that would trigger any of the three exceptions set forth in the Florida

7

statute[.]").[5]  Estes' motion to vacate is similar in material respects.  Ordinarily,

motions to modify sentences must be filed within the term of court.  But if a

motion alleges a sentence is void, it may be filed any time.  Estes' motion made

nonfrivolous allegations of fact in asserting that the sentence was void.  Like

Delancy, Estes alleged facts to excuse the time limitation on motions to vacate

sentences.[6]

The State attempts to distinguish Delancy on the ground that the trial court

here lacked jurisdiction once it determined Estes' sentence was void.  However,

the State fails to explain why that distinction should alter the outcome of this case.

---

[5]  We agree with Estes that Siebert, 334 F.3d 1018, is also relevant to our
disposition.  But it is less directly on point.  In Siebert, this Court considered whether an
untimely Alabama state post-conviction petition tolled § 2244(d)(1).  Under the law operating at
the time of Siebert's petition, untimeliness did not render petitions improperly filed because the
Alabama courts retained jurisdiction over them and had discretion to grant them under certain
circumstances.  Id. ("Alabama law made clear . . . that noncompliance with the . . . time bar did
not divest courts of discretion to entertain late petitions should they choose to do so, at least in
the absence of an appropriate pleading by the state of a limitations defense.").  Estes' motion is
distinct from Siebert's in that (1) Estes must make one very specific allegation (a void sentence)
for the courts to hear it; and (2) the Georgia courts have little if any discretion over it.  (They
must vacate if his sentence is void or dismiss for lack of jurisdiction if it is valid.)  But his
motion is similar in one key respect:  Untimeliness is not an absolute bar to jurisdiction.  (In
Siebert, the Alabama Supreme Court had recently declared untimeliness an absolute bar to
subject matter jurisdiction over state habeas petitions.  But that development did not affect
Siebert because it occurred after the time of his proceedings.  See 334 F.3d at 1025-27.)

[6]  Estes' motion contained at least one assertion that the Georgia Supreme Court has
explicitly recognized as sufficient to authorize a court's inquiry into the issue of void vel non.  In
Williams, 271 Ga. 686, 523 S.E.2d 857, the Georgia Supreme Court held that the trial court and
the Court of Appeals could hear a motion to correct a void sentence which alleged that the
sentencing court failed to conduct a presentence hearing.  Id. at 687-89, 523 S.E.2d 859-60.
Estes made the same allegation in his motion below.

It argues only that petitioners should not be able to avail themselves of the § 2244(d)(2) tolling provision by filing pleadings that courts have no jurisdiction to act upon.

However, the State conceded at oral argument that Georgia courts do have jurisdiction to determine whether they have jurisdiction. And the state courts here did act upon Estes' allegations and consider whether or not the sentence was in fact void. Thus, the state courts here did exercise that initial jurisdiction, did consider the allegations of voidness, decided the sentence was not void, and thereupon held that there was no further jurisdiction to modify Estes' sentence. The State has articulated no principled distinction between this case and <u>Delancy</u> and no reason why the failure of Estes' motion should have retroactively rendered it improperly filed. The motion alleged relevant facts and asserted that the sentence was void, and it also met other filing requirements. The Geogia courts had initial jurisdiction to hear it, and it was properly filed.[7] In such a case, <u>Delancy</u> bars the district court from looking beyond the face of a motion to ascertain proper filing. <u>Id.</u> at 1330-31.[8]

---

[7] We do not address whether we may recognize an exception to <u>Delancy</u> for such motions when the allegations are wholly frivolous on the face of the motions. Here the State has not argued that the Estes' motion was frivolous on its face.

[8] We also reject the State's argument that the motion to vacate was not a collateral challenge and therefore did not fall under the tolling provision in § 2244(d)(2). The State cites

## III. CONCLUSION

For forgoing reasons, we hold that Estes' motion to vacate was properly filed, and therefore it tolled the limitations period for filing a federal habeas petition.

**REVERSED AND REMANDED.**

---

no authority for the proposition, and Georgia law makes clear that a void sentence may be set aside in post-conviction proceedings. See McCranie v. State, 157 Ga. App. 110, 111, 276 S.E.2d 263, 265 (1981) ("[H]abeas corpus is not necessarily an exclusive or sole remedy where, as here, there is also authority for a court to impose a valid sentence if the original sentence has been determined to be void as we have found in the preceding division.").