[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14341
Non-Argument Calendar

_____

D. C. Docket No. 04-00416-CV-3-MCR-EMT

JOSEPH SYKOSKY,

Petitioner-Appellant,

versus

JAMES V. CROSBY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 30, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Joseph Sykosky, a state prisoner proceeding *pro se*, appeals the district

court's dismissal of his 28 U.S.C. § 2254 petition, which attacked the validity of his state convictions, as untimely. Sykosky argued that he was entitled to statutory tolling for the time during which a Fla. R. Crim. P. 3.850 motion, which the state court ultimately dismissed as untimely, was pending. The district court rejected this contention, citing to *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) for the premise that an untimely state court motion is not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2). We granted Sykosky a certificate of appealability on the following issue:

> Whether the district court erred by finding that the appellant was not entitled to statutory tolling for the time during which his September 18, 2003 Fla.R.Crim.P. 3.850 motion was pending in state court, pursuant to *Delancy v. Fla. Dep't of Corrs.*, 246 F.3d 1328, 1331 (11th Cir. 2001)?

For the reasons stated below, we answer that question in the negative.

## I. BACKGROUND

In 1996, Sykosky was convicted in Florida state court on two counts of first-degree murder and two counts of aggravated child abuse, and his convictions and sentences were affirmed on direct appeal. *See Sykosky v. State*, 705 So. 2d 903 (Fla. 1st DCA 1998) (per curiam) (table case). Over the next 6 years, he filed a number of motions in state court for postconviction relief, including a June 19, 2003, motion under Fla. R. Crim. P. 3.800 to correct an illegal sentence. On July

31, 2003, the state trial court granted the motion in part, vacating Sykosky's convictions and sentences on the aggravated child abuse counts because "a defendant may not be convicted and sentenced for both felony murder and the underlying offense of Aggravated Child Abuse." On September 18, 2003, Sykosky filed a motion for postconviction relief under Fla. R. Crim. P. 3.850.[1] He argued that, given the recent vacatur of his aggravated child abuse convictions and sentences, there was "no legal basis" to support his convictions and sentences for first degree felony murder. Rule 3.850 states in relevant part:

> (b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
>
> > (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence . . . .

Fla. R. Crim. P. 3.850(b). Sykosky argued that his Rule 3.850 motion, though made outside the normal time limits, satisfied Rule 3.850(b)(1) because the recent vacatur of his aggravated child abuse convictions and sentences was "newly

---

[1] This was Sykosky's second Rule 3.850 motion. The denial of his first Rule 3.850 motion (made on different grounds) was initially reversed, *see Sykosky v. State*, 770 So. 2d 207 (Fla. 1st DCA 2000) (per curiam), but the motion was denied again on remand and the state appellate court affirmed. *See Sykosky v. State*, 827 So. 2d 984 (Fla. 1st DCA 2002) (per curiam) (table case).

discovered evidence." The state trial court dismissed the Rule 3.850 motion as untimely, finding that Sykosky's claim that his felony murder convictions and sentences were "invalid and/or illegal in that no proof of an underlying felony exists is not newly discovered evidence pursuant to [Rule 3.850(b)]." The state appellate court affirmed without opinion in March of 2004, and the Supreme Court denied certiorari. *See Sykosky v. State*, 871 So. 2d 215 (Fla. 1st DCA 2004) (per curiam) (table case), *cert. denied*, 543 U.S. 846, 125 S. Ct. 291, 160 L. Ed. 2d 75 (2004).

After Sykosky filed his § 2254 petition in federal district court, the State moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d). The district court, following the recommendation of a magistrate judge, agreed. The court held that, under the Supreme Court's recent decision in *Pace*, Sykosky's Rule 3.850 motion was not "properly filed" for purposes of tolling AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d)(2), because the motion had been dismissed in state court as untimely. *See Pace*, 544 U.S. at 414, 125 S. Ct. at 1812 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S. Ct. 2134, 2141, 153 L. Ed. 2d 260 (2002)).

4

## II. STANDARD OF REVIEW

A district court's decision to dismiss a petition for writ of habeas corpus is reviewed de novo, but "the district court's determination of the relevant facts will be reversed only if clearly erroneous." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).

## III. DISCUSSION

The habeas corpus petitions of state prisoners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).[2] This period is tolled at any time during which a "*properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). On appeal, Sykosky concedes that his § 2254 habeas petition is time-barred unless we hold that his Rule 3.850 motion satisfied the requirements of § 2244(d)(2), and thereby tolled AEDPA's statute of limitations.

### A. "Properly Filed" and Rule 3.850

Sykosky contends that, even though his Rule 3.850 motion was held to be untimely in state court, it was nevertheless "properly filed" for purposes of

---

[2] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this case because Sykosky filed his § 2254 petition after AEDPA's effective date. *See Wade v. Battle*, 379 F.3d 1254, 1259 (11th Cir. 2004) (per curiam).

§ 2244(d)(2), because its delivery and acceptance were in compliance with the applicable laws and rules governing filings. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). He points to our decision in *Delancy v. Florida Dep't of Corr.*, 246 F.3d 1328 (11th Cir. 2001) (per curiam), which addressed the meaning of "properly filed" in the context of Rule 3.800 and 3.850 motions. There we noted that, in *Artuz*, the Supreme Court explained that the question of whether an application was properly filed was "quite separate" from the question of whether the claims contained in the application were "meritorious and free of procedural bar." *Id.* at 1330 (quoting *Artuz*, 531 U.S. at 9, 121 S. Ct. at 364). Thus, we held, the district court erred in looking beyond the face of prisoner Delancy's Rule 3.800 motion when determining whether it was "properly filed" for purposes of tolling AEDPA's statute of limitations under § 2244(d)(2). *Id.* The motion was "properly filed," we found, because it met state procedural and filing requirements on its face. *Id.* at 1330-31. Under the circumstances of the case, however, Delancy's habeas petition was still untimely unless AEDPA's statute of limitations was also tolled during the pendency of his Rule 3.850 motion. *See id.* at 1331. Delancy filed his Rule 3.850 motion outside the normal two-year statute of limitations, but alleged that it was based on newly discovered evidence. *See id.* We stated:

6

Delancy argues that his motion did allege that newly discovered evidence rendered his conviction unlawful. While the claims raised in his Rule 3.850 motion may have no merit, the question for purposes of this appeal is whether the motion is, within the meaning of 28 U.S.C. § 2244(d)(2), "a properly filed motion for state post-conviction" relief under that section. Under *Artuz*, an application is "properly filed" when its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." Because Rule 3.850 requires only that the motion allege that facts "were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence" we find that if Delancy's Rule 3.850 motion in fact alleges "newly discovered evidence," it was properly filed.

*Id.* (citations omitted). We held that Delancy met this requirement, and therefore reversed the district court's dismissal of his habeas petition as time-barred. *See id.* at 1331-32; *cf. Drew*, 297 F.3d at 1285 ("We addressed the question of exceptions in *Delancy*, and held that an untimely Rule 3.850 motion would be deemed properly filed if it alleged facts that would merit an exception from the timely filing requirement.").

Although Sykosky compares his case to *Delancy*, the State contends that *Delancy* is inapplicable, because Sykosky "did not allege facts to support a newly discovered evidence claim" in his Rule 3.850 motion. According to the State, the then-recent vacatur of Sykosky's aggravated child abuse convictions and sentences is not a fact that would probably support an acquittal on the charged offenses of first degree felony murder. *See Kight v. State*, 784 So. 2d 396, 401 (Fla. 2001) (per

curiam). This argument, however, ultimately attacks Sykosky's motion on the merits. *Delancy* indicates that we should focus on what Sykosky *alleges*, not whether those allegations ultimately have *merit*. *See Delancy*, 264 F.3d at 1331; *Drew*, 297 F.3d at 1285 ("Drew's third 3.850 motion would have been properly filed despite its untimeliness if it had *alleged* facts that would trigger any of the three exceptions set forth in the Florida statute . . . .") (emphasis added). Sykosky's Rule 3.850 motion claims that his convictions and sentences for first degree felony murder are invalid and/or illegal because there is no proof of an underlying felony. In support of this claim he alleges, *inter alia*, facts about the vacatur of his convictions and sentences for the underlying felony of aggravated child abuse. We need not resolve whether these allegations satisfy *Delancy*, however, because even if they do the Supreme Court's ruling in *Pace v. DiGuglielmo* leads us to conclude that Sykosky's Rule 3.850 motion was not "properly filed" under § 2244(d)(2).

B. *Pace v. DiGuglielmo*

In addition to arguing that Sykosky did not really allege facts implicating Rule 3.850(b)(1), the State contends–and the district court agreed–that *Pace* requires us to consider Sykosky's Rule 3.850 motion not "properly filed" for purposes of § 2244(d)(2). *Pace*, which postdates *Delancy* and *Drew*, addresses the

8

question the Supreme Court reserved in *Artuz*: "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Pace*, 544 U.S. at 413, 125 S. Ct. at 1811 (quoting *Artuz*, 531 U.S. at 8 n.2, 121 S. Ct. at 364 n.2).

In *Pace*, state prisoner John Pace filed a petition for postconviction relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), which had been amended to include a statue of limitations with several exceptions, including one applicable when "new facts arise that could not have been discovered through due diligence." *Id.* at 410, 125 S. Ct. at 1810. The state courts determined that Pace's petition was untimely, because it was filed outside the PCRA statute of limitations and Pace "had neither alleged nor proven" that he fell within any of the listed exceptions. *Id.* at 411, 125 S. Ct. at 1810-11. When the timeliness of Pace's subsequent habeas petition in federal district court became an issue, the district court held that the state courts' rejection of Pace's PCRA petition as untimely did not prevent it from being "properly filed" for purposes of tolling AEDPA's statute of limitations under § 2244(d)(2). *Id.* at 411-12, 125 S. Ct. at 1811. The Third Circuit reversed, holding that the PCRA time limitations constituted a "condition to filing," and that "when a state court deems a petition untimely, it is not 'properly filed.'" *Id.* at 412, 125 S. Ct. at 1811.

The Supreme Court affirmed the Third Circuit's judgment. *Id.* at 413, 125 S. Ct. at 1811. Under the common understanding of the phrase "properly filed," the Court explained, "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Id.* at 413, 125 S. Ct. at 1812. Otherwise "a state prisoner could toll [AEDPA's] statute of limitations at will simply by filing untimely state postconviction petitions," which would be contrary to the purpose of AEDPA and "open the door to abusive delay." *Id.* "When a postconviction petition is untimely under state law," the Court stated, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414, 125 S. Ct. at 1812 (quoting *Saffold*, 536 U.S. at 226, 122 S. Ct. at 2141). The Court concluded: "[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected [Pace's] PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417, 125 S. Ct. at 1814.

Sykosky contends *Pace* merely clarified that the phrase "properly filed" denotes compliance with procedural filing requirements "that must be satisfied before a state court will allow a motion to be filed and accorded some level of judicial review." In *Pace* itself, however, the Supreme Court rejected this kind of

10

characterization as inconsistent with *Artuz*, where the Court "explained that jurisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are 'condition[s] to filing.'" *Id.* at 414, 125 S. Ct. at 1812 (citation omitted). The Court added: "We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist." *Id.* at 414-15, 125 S. Ct. at 1812.

Sykosky also contends that *Pace* is distinguishable, because Pace "neither alleged nor prove[d]" that he fell within an exception to the state time limits, whereas Sykosky did allege that he fell within an exception. We find this distinction unavailing because, like the Supreme Court in *Pace*, we have been presented with a state court determination that the prisoner's postconviction petition was untimely under state law, and we give deference to such determinations. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam). Indeed, in *Pace* the Supreme Court stated that Pace's PCRA petition did not entitle him to statutory tolling "[b]ecause the *state court* rejected [the] PCRA petition as untimely," not because Pace had failed to make allegations about timeliness in the petition. *Pace*, 544 U.S. at 417, 125 S. Ct. at 1814 (emphasis added). Here, the state trial court rejected Sykosky's claim of newly discovered evidence and dismissed his Rule 3.850 motion "for the reason that the Motion is

11

*untimely* filed pursuant to Rule 3.850(b)." (emphasis added). The state appellate court affirmed without opinion. In other words, the state courts determined that Sykosky's motion was "filed after a time limit" and "[did] not fit within any exceptions to that limit." *Id.* at 413, 125 S. Ct. at 1812. We therefore defer to the determination of the state courts, and "that [is] the end of the matter" for purposes of § 2244(d)(2). *Id.* at 414, 125 S. Ct. at 1812 (internal quotes omitted).[3]

To the extent that *Delancy* and *Drew* can be read to suggest that time limits are not filing conditions, or that a Rule 3.850 motion which has been dismissed as untimely in state court may nevertheless have been "properly filed" for purposes of § 2244(d)(2), they conflict with the Supreme Court's decision in *Pace* and must be disregarded. *See In re Provenzano*, 215 F.3d 1233, 1235 (11th Cir. 2000) (per curiam).

## IV. CONCLUSION

Because Sykosky's Rule 3.850 motion was untimely under state law, it was not "properly filed" for purposes of § 2244(d)(2) and did not toll AEDPA's statute of limitations. Accordingly, the district court did not err when it determined that

---

[3] "[A] rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for purposes of AEDPA's tolling provision." *See Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003) (per curiam) (citation omitted). Sykosky makes no claim that Rule 3.850 was not "firmly established and regularly followed" at the time it was applied to his postconviction proceedings.

Sykosky was not entitled to statutory tolling for the time during which his Rule

3.850 motion was pending in state court.

**AFFIRMED.**