[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11676
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01520-SDM-CPT

KEITH THORNTON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and NEWSOM, Circuit
Judges.

PER CURIAM:

Keith Thornton, a Florida prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 petition.  The district court dismissed his petition as time-barred, concluding that he was not entitled to tolling of the federal habeas statute of limitations for a Florida Rule of Criminal Procedure 3.850 motion filed after the two-year state statute of limitations for filing such a motion expired.  After careful consideration and review, we affirm the district court's decision.

Thornton was sentenced to 20 years in prison for aggravated battery with a weapon resulting in great bodily harm, first-degree petty theft, and carrying a concealed weapon.  Thornton's sentence became final at the conclusion of direct review of his conviction and sentence on March 17, 2010.  Thornton filed several post-conviction motions and petitions in state courts, including a July 17, 2014 Florida Rule of Criminal Procedure 3.850 motion, which was denied as untimely.

On June 13, 2016, Thornton filed a petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida, seeking a writ of habeas corpus.  In its answer, the state asserted that Thornton's petition was time-barred.  The district court agreed, concluding that because Thornton's July 17, 2014 Rule 3.850 motion was dismissed as untimely, the motion did not toll the statute of limitations and thus, Thornton's federal habeas corpus petition was untimely.  Accordingly, the district court dismissed his petition as time-barred.

2

This Court issued a certificate of appealability on the question of whether the district court erred by dismissing Thornton's § 2254 petition.[1]

We review *de novo* a district court's determination that a habeas petition is untimely. *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). We review the district court's factual findings for clear error and "must affirm the court's factual findings unless the record lacks 'substantial evidence' to support the court's determinations." *Clark v. Crosby*, 335 F.3d 1303, 1307 (11th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2254 petition, which begins to run from the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The limitations period is statutorily tolled, however, during times in which a "properly filed" application for state post-conviction relief is pending in state court. *Id.* § 2244(d)(2). An application for state post-conviction relief that is dismissed as untimely is not "properly filed" and, thus, does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

---

[1]In his notice of appeal, Thornton argues that the district court: (1) erred by calculating the statute of limitations according to the dates when the state courts received his filings, rather than when he delivered them to prison authorities; and (2) should have considered his sentence as becoming final on August 21, 2015, as opposed to March 17, 2010, because the state court amended his sentence at that time to reflect jail time served, which restarted the statute of limitations. However, these arguments were never presented to the district court, and we do not consider arguments that are raised for the first time on appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1265 (11th Cir. 2000).

"Under Florida law, an individual convicted of a noncapital crime must, with limited exceptions, file a collateral post-conviction challenge to his conviction and sentence via a Rule 3.850 motion rather than a habeas corpus petition." *Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1236–37 (11th Cir. 2010); Fla. R. Crim. P. 3.850(l).  Rule 3.850(b) establishes a two-year statute of limitations with certain exceptions not at issue in this appeal.  Fla. R. Crim. P. 3.850(b).

Here, because Thornton did not file his state habeas petition until more than two years after his sentence became final, the district court did not err by dismissing Thornton's petition as untimely.  The state court concluded that the petition was untimely when construed as a Rule 3.850 motion, and the district court correctly determined that the motion was not properly filed under the meaning of 28 U.S.C. § 2244(d)(2).  Thus, it did not toll the statute of limitations under § 2244(d)(1).  Without tolling by that motion, more than one year of the federal statute of limitations passed, and Thornton's § 2254 petition was untimely.  Accordingly, the district court properly dismissed the petition as time-barred, and we affirm.

**AFFIRMED.**