**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

NOR T. THOMAS, JR.,

    Petitioner - Appellant,

v.

DAVID LOUTHAN, Warden,

    Respondent - Appellee.

No. 22-7044
(D.C. No. 6:21-CV-00376-JFH-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Nor T. Thomas, Jr., an Oklahoma state prisoner proceeding pro se, seeks to

appeal from the decision by the United States District Court for the Eastern District

of Oklahoma that his application under 28 U.S.C. § 2241 for a writ of habeas corpus

was untimely. His application claimed that all or part of two 20-year sentences

imposed on him should have run concurrently, not consecutively.

For this court to have jurisdiction to consider the merits of a state prisoner's

appeal of a ruling on a § 2241 application, the applicant must obtain a certificate of

appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

862, 869 (10th Cir. 2000) ("[T]his court reads § 2253(c)(1)(A) as applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order. This includes not only challenges to the validity of a state court conviction and sentence under § 2254, but also challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241."). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When, as here, a district court denies a habeas application on procedural grounds, the applicant must make an additional showing: "that jurists of reason would find it debatable whether the Court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The district court denied Mr. Thomas a COA. *See Thomas v. Louthan*, 21-CV-376-JFH-KEW, 2022 WL 3647260, at *5 (E.D. Okla. Aug. 24, 2022). So do we, because jurists of reason could not debate the district court's ruling that Mr. Thomas's application was untimely and that he was not entitled to equitable tolling.

We therefore need not decide whether reasonable jurists could disagree regarding Mr. Thomas's underlying claims, and we dismiss this matter.

In 1996 Mr. Thomas pleaded guilty to armed robbery by a convicted felon and was sentenced to 20 years' imprisonment. In 2002 he was released on parole. But two years later he committed another robbery, and in January 2005 he pleaded guilty to armed robbery by a twice-convicted felon. The signed copy of his 2005 plea bargain shows that he agreed to a 20-year prison term to be served consecutively to his prior armed-robbery sentence. He was sentenced accordingly. Three months later, in April 2005, his parole on his 1996 sentence was revoked and he was ordered to serve the remaining portion of that sentence with no credit for time spent on parole. Mr. Thomas completed his 2005 sentence in October 2021; he is now serving the remainder of his 1996 sentence.[1] He filed his § 2241 application on November 12, 2021.

Under 28 U.S.C. § 2244(d)(1) there is a one-year limitations period for a state prisoner to file an application for a writ of habeas corpus. As relevant here, the one-year period begins to run at the later of either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or

---

[1] Because Mr. Thomas's parole was revoked after his 2005 sentence was handed down, Mr. Thomas served his 2005 sentence before completion of his 1996 sentence. At sentencing, however, the judge had explained to him that serving his sentences consecutively meant that he would first serve his 1996 sentence and then serve his 2005 sentence. Because we deny Mr. Thomas a COA on procedural grounds, we do not address the consequences, if any, of this discrepancy.

claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D). Mr. Thomas sought direct review of his 2005 sentence in the Oklahoma Court of Criminal Appeals and in the United States Supreme Court, where his petition for a writ of certiorari was denied on May 22, 2006. *See Thomas v. Oklahoma*, 547 U.S. 1150 (2006). Mr. Thomas's judgment became final on that date. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the conclusion of direct review—when this Court affirms a conviction on the merits or denies a petition for certiorari." (internal quotation marks omitted)).

The district court ruled that the date that Mr. Thomas's judgment became final was after the date that he learned the factual basis of his claim, pointing out that he was clearly informed at his January 2005 plea hearing that his sentences would run consecutively. *See Thomas*, 2022 WL 3647260, at *3. But, as Mr. Thomas notes, Oklahoma Department of Corrections time sheets show that from February 2005 through March 2008 his 1996 and 2005 sentences were treated as running concurrently, with each month of incarceration being credited to both sentences. Indeed, Mr. Thomas asserts that he was told in July or August 2008 that he had finished serving his 1996 sentence. This comports with the information on the Department of Corrections time sheets, which state that on March 31, 2008, Mr. Thomas had 122 days remaining on his 1996 sentence. Mr. Thomas says in his § 2241 application that he did not discover that his sentences were running consecutively, and that he had not yet served any of the time remaining on his 1996

4

sentence, until January 2015, after his application for transfer to a lower security prison was denied. The record shows that Mr. Thomas first raised the consecutive-sentence issue in an administrative complaint that he brought on January 6, 2015. Thus, one could argue that Mr. Thomas did not know the factual basis of his present claim until early 2015.

We need not resolve whether the limitations period for Mr. Thomas did not start until January 2015, because even then his application under § 2241 was untimely. We can therefore affirm on that ground. We have "freedom to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Fontenot v. Crow*, 4 F.4th 982, 1067 n.53 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022) (internal quotation marks omitted). We use this freedom, however, only when "doing so is fair to appellant." *United States v. Iverson*, 818 F.3d 1015, 1022 (10th Cir. 2016). There is no unfairness here, because we rely on factual assertions made by Mr. Thomas and give him every benefit of the doubt on the law.

Even if we start the one-year limitations period in January 2015, that period does not necessarily end in January 2016. For one thing, the habeas statute of limitations provides for what is known as statutory tolling. Under 28 U.S.C. § 2244(d)(2), "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period. *See Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014) ("Under federal law, the post-

5

conviction application begins to pend when it is accepted for filing. The application continues to pend until it has achieved final resolution through the state's post-conviction procedures." (citation and internal quotation marks omitted)). Mr. Thomas does not argue that he is entitled to any statutory tolling, but we have assured ourselves that statutory tolling would not help him in any event. We have exercised our discretion to take judicial notice of public records of Mr. Thomas's cases available from the Oklahoma State Courts Network. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). Assuming that Mr. Thomas did not know the factual basis of his claim before January 6, 2015, and that all of Mr. Thomas's postconviction proceedings tolled his one-year limitations period, *but see generally Artuz v. Bennett*, 531 U.S. 4 (2000) (describing which proceedings do not toll the period), that period expired on March 29, 2018.[2] Because Mr. Thomas had not filed

---

[2] Mr. Thomas's docket sheets and documents linked to it reveal the following: On February 23, 2015, after 48 days of his limitations period had passed, Mr. Thomas filed a motion in state court for an order nunc pro tunc. Proceedings in this case concluded on November 18, 2015. But on August 12, 2015, Mr. Thomas had filed a petition for a writ of mandamus in a different state court. This action was pending through June 6, 2016.

Mr. Thomas had no state-court actions pending from June 7, 2016, to February 2, 2017, when 289 days of the limitations period had run. From February 2, 2017, to March 15, 2017, he had a motion for an order nunc pro tunc pending in state court.

He again had no state-court actions pending from March 16 to 31, 2017, when 305 days of the limitations period had run. From March 31 to April 20, 2017, Mr. Thomas had a petition for a writ of mandamus pending in state court. From April 21 to June 5, 2017, when 351 days of the period had run, Mr. Thomas had no pending proceeding. On that date, Mr. Thomas filed a motion requesting amended judgment and sentence. He sent a letter inquiring about the status of this motion on March 6, 2018; on March 15, 2018, the court responded to the letter and denied the June 5, 2017 motion. From March 15 to September 19, 2018, Mr. Thomas had no pending

his § 2241 application by this date—indeed, he did not file his application for more than three years following this deadline—his application was untimely.

A late application may be excused, however, by equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner [may be] entitled to equitable tolling . . . if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). But reasonable jurists could not debate the propriety of the district court's ruling that Mr. Thomas was not entitled to equitable tolling because he was not diligent in pursuing his rights and no extraordinary circumstance prevented his timely filing. *See Thomas*, 2022 WL 3647260, at *4–5. Mr. Thomas argues that he was unable to bring his application until 2021 because prison officials denied him access to his time sheets. But, as the district court observed, beginning in 2015 he repeatedly raised his present legal arguments through Oklahoma Department of Corrections administrative proceedings and in Oklahoma state courts. *See Thomas*, 2022 WL 3647260, at *4–5; *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying equitable tolling in similar circumstances).

---

state-court proceedings. On Thursday, March 29, 2018, during this time, his one-year limitations period lapsed.

We **DENY** Mr. Thomas's request for a COA and his motion for appointment of appellate counsel and dismiss this case.

Entered for the Court

Harris L Hartz
Circuit Judge